AO 106 (Rev. 01/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

MAR - 8 2022

JULIA C. DUDLEY, CLERK
BY: /s/ A. Meade
DEPUTY CLERK

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 1:22mj24
9381 Partridge Drive             )
Meadowview, Virginia             )
                                 )
                                 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____Western_____ District of _____Virginia_____ *(identify the person or describe property to be searched and give its location):* 9381 Partridge Drive, Meadowview, Virginia - to include the residence, curtilage, garages, outbuildings, campers, persons present, and vehicles present,  Attachment A consists of a photograph of the residence.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of   21   U.S.C. §  846/841(a)(1) , and the application is based on these facts:  See Attachment C                    and/or §  841(a)(1)

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brian Snedeker, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/8/22

*Judge's signature*

City and state: Abingdon, Virginia

Pamela Meade Sargent, USMJ
*Printed name and title*

# ATTACHMENT A



9381 Partridge Drive, Meadowview, VA

## ATTACHMENT B

1. Methamphetamine distribution paraphernalia including (but not limited to) scales, cutting material, plastic baggies, wrapping material; devices used to communicate with other drug traffickers/co-conspirators including cellular telephones; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices.

2. Firearms, including but not limited to handguns, rifles, and shotguns that are commonly used by individuals to protect controlled substances and related drug proceeds/assets. Firearms, oftentimes stolen, are also routinely bartered in exchange for controlled substances.

3. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of methamphetamine.

4. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of methamphetamine. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, notebooks, loose pieces of paper, and found in mail.

5. Photographs and videos depicting methamphetamine, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with methamphetamine,

6. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

7. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

8. Large amounts of currency (exceeding $1000.00) or readily transported assets which are used as cash equivalents (cashier's checks, prepaid money/credit cards, money orders, etc.)

9. Items listed in Paragraphs 3 through 7 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 3 through 7.

ATTACHMENT C

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for methamphetamine distribution/conspiracy related documentary evidence and equipment/supplies on the premises known as 9381 Partridge Drive, Meadowview, Virginia. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of methamphetamine and/or conspiracy to distribute methamphetamine at 9381 Partridge Drive, Meadowview, Virginia in violation of 21 U.S.C. § 841(a)(1) and § 846/841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (30) years. During my employment I have received comprehensive classroom training from the DEA in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of methamphetamine (a Schedule II controlled substance). I have also executed hundreds of search warrants related to the trafficking and manufacturing of methamphetamine.

4. The facts set forth in this affidavit are known to me as a result of my participation in the investigation of Guy Benjamin BOWMAN (hereafter referred to as "Guy BOWMAN"), my training and experience, and information provided to me by other law enforcement officers and employees of a motor vehicle dealership. Any reference to the gender of any unnamed person within this affidavit does necessarily reflect the true gender of said person.

5. During April 2021, an individual (hereafter referred to as "SOI#1") who is an admitted user of methamphetamine and has a history of firearm and narcotics related arrests advised law enforcement in Washington County, Virginia that during this same year he saw Guy BOWMAN with more drugs (specifically methamphetamine and heroin) than SOI#1 has ever seen at one place at one time.

6. During mid-2021, an admitted methamphetamine trafficker (hereafter referred to as "Trafficker A") within the Western District of Virginia told law enforcement that on multiple occasions from February 2021 through May 2021, she obtained distribution/redistribution quantities of methamphetamine from Guy BOWMAN and Guy BOWMAN's sub-distributor/girlfriend, Sally Carr. Trafficker A claimed that she obtained (½) ounce and (1) ounce quantities of methamphetamine from Guy

BOWMAN on a total of two occasions, and on approximately six occasions she obtained (½) ounce to (1) ounce quantities of methamphetamine from Sally Carr. Trafficker A was always charged $350 for the (½) ounce quantities of methamphetamine and $650 for the (1) ounce quantities of methamphetamine regardless of whether the methamphetamine was sold to Trafficker A by Guy BOWMAN or Sally Carr. Trafficker A further advised law enforcement that on May 17, 2021, Sally Carr fronted (provided up front with no initial charge - payment expected at a later date) Trafficker A a (½) ounce quantity of methamphetamine and fronted Trafficker A's boyfriend/associate a (2) ounce quantity of methamphetamine. According to Trafficker A, Trafficker A's boyfriend/associate never paid for his (2) ounces of fronted methamphetamine and Guy BOWMAN called Trafficker A and told Trafficker A that she owed Guy BOWMAN for the entire (2½) ounces of methamphetamine that was fronted to Trafficker A and Trafficker A's boyfriend/associate. Trafficker A also told law enforcement that she has observed Guy BOWMAN with thousands of dollars in U.S. Currency on his person and once observed Guy BOWMAN with more than a (½) pound quantity of methamphetamine. According to Trafficker A, Guy BOWMAN and Sally Carr are from California and Guy BOWMAN obtains from California the methamphetamine he and Sally Carr distribute.

7. During June 2021, multiple controlled purchases (surveilled, monitored, and recorded by law enforcement) of methamphetamine were made from a boyfriend/girlfriend methamphetamine distribution duo (hereafter referred to individually as "Trafficker B" and "Trafficker C") within the Western District of Virginia. Trafficker B and Trafficker C were subsequently approached by law enforcement and admitted their involvement with methamphetamine trafficking. Both Trafficker B and Trafficker C told law enforcement that their methamphetamine source of supply was Guy BOWMAN.

8. During August 2021, an individual (hereafter referred to as "Trafficker D") acted as a broker during the course of multiple controlled purchases of methamphetamine within the Western District of Virginia from Trafficker D's husband. Trafficker D advised the confidential source performing the controlled purchases that the source of the methamphetamine was Guy BOWMAN. Trafficker D also offered to introduce the confidential source to Guy BOWMAN if the confidential source would be interested in purchasing a pound of methamphetamine directly from Guy BOWMAN.

9. During February 2022, Guy BOWMAN paid $7,600 cash (United States Currency) to a Bristol, Tennessee car dealership in order to purchase a black forest green, 2012, Jeep Liberty sport utility vehicle with Vehicle Identification Number (VIN) 1C4PJMAKXCW204518. [Note: Guy BOWMAN has no known legitimate source of income/form of employment.]

10. During February 2022, a concerned citizen (hereafter referred to as "CC#1") told law enforcement that Guy BOWMAN openly claims to make his living selling drugs including methamphetamine, cocaine, and heroin that Guy BOWMAN obtains from California. CC#1 advised that he has seen Guy BOWMAN with a bag full of U.S.

Currency that easily totaled $10,000. CC#1 also noted that Guy BOWMAN and Sally Carr reside together in Washington County, Virginia and are planning to travel to California during mid-February 2022.

11. During February 2022, a concerned citizen (hereafter referred to as "CC#2) who is a close associate of Guy BOWMAN and/or Sally Carr told law enforcement that he believes Guy BOWMAN and Sally Carr are selling drugs. CC#2 advised law enforcement that Guy BOWMAN and Sally Carr are going to California during mid-February 2022, and CC#2 believes they will be acquiring drugs to bring back to Virginia for resale purposes.

12. On February 24, 2022, an admitted methamphetamine trafficker (hereafter referred to as "Trafficker E") advised law enforcement of the following information (much of it against Trafficker E's own penal interest):

- Trafficker E has been obtaining (½) ounce to (1) ounce quantities of methamphetamine (distribution/redistribution quantities) from Guy BOWMAN during the last several months. The total amount of methamphetamine Trafficker E has obtained from Guy BOWMAN during this time period is approximately (1) kilogram. Guy BOWMAN charges Trafficker E between $250 and $300 for each whole ounce of methamphetamine and has offered to sell Trafficker E a whole kilogram of methamphetamine for $3,500.

- Guy BOWMAN drives to California to obtain the drugs (specifically methamphetamine and heroin/fentanyl) he distributes in Virginia.

- Approximately two months ago, Trafficker E went at Guy BOWMAN's residence (located within the Western District of Virginia) when Guy BOWMAN returned from a trip to California to obtain drugs [law enforcement was aware of Guy BOWMAN's trip to California at the time]. While at the residence, Trafficker E saw Guy BOWMAN with (15) kilograms of methamphetamine. Guy BOWMAN paid Trafficker E $1000 cash to count Guy BOWMAN's cash on hand that ended up totaling $52,000.

- Guy BOWMAN keeps drugs and cash in a safe in his bedroom. Guy BOWMAN also hides drugs in other areas of the property where he lives [Trafficker E provided details regarding specific locations on the property where Guy BOWMAN hides/places drugs].

- Trafficker E was with Guy BOWMAN approximately one month ago (late January 2022) when BOWMAN sold an individual a handgun and (3) ounces of methamphetamine.

- Guy BOWMAN carries a Sig Sauer 9mm pistol and has multiple other handguns and an AR-15 rifle in his residence.

[Trafficker E positively/correctly identified photographs of Guy BOWMAN and Guy BOWMAN's known residence located within the Western District of Virginia.

It should also be noted that during 2022, Trafficker E provided law enforcement with specific information that led to the recovery of thousands of dollars' worth of stolen property within the Western District of Virginia.]

13. Additional information provided to law enforcement by CC#1 and CC#2 during late February 2022 and/or early March 2022 in conjunction with law enforcement surveillance of Guy BOWMAN's and Sally Carr's residence has revealed/indicated that Guy BOWMAN and Sally Carr have not been at home since mid-February 2022 and are currently out of the area and presumably in California (reference ¶10 and ¶11 above). Law enforcement is aware that Guy BOWMAN is expected to be in Washington County General District Court, Abingdon, Virginia (located within the Western District of Virginia) on March 16, 2022 as a witness in a non-drug related case.

14. Guy BOWMAN's criminal history includes the following (not all inclusive):

    1982 - Arrested for possession of a controlled substance (felony) - disposition unknown.

    1989 - Arrested for sell/transport/etc. marijuana (felony) and sell/transport a controlled substance (felony).
      - Subsequently convicted of sell/furnish marijuana/hashish (felony).
      - Subsequently convicted of transporting a controlled substance (felony).

    1991- Arrested for give/etc. over 1oz marijuana (felony) and transporting a controlled substance (felony) - disposition unknown.

    1993 - Arrested for give/etc. over 1oz marijuana (felony) and transporting a controlled substance (felony) - disposition unknown.

    1994 - Arrested for possession of a controlled substance (felony) - convicted.

    1995 - Arrested for possession of a controlled substance (felony) and being under influence of a controlled substance (misdemeanor) - both charges dismissed/plea to other charges.

    5-07-1996 - Arrested for possession of a controlled substance (felony) - convicted.
      - Arrested for being under the influence of a controlled substance (misdemeanor) - dismissed.

    8-06-1996 - Arrested for possession of a controlled substance (felony) - disposition unknown.

    2000 - Arrested for possession with intent to distribute a controlled substance (felony) - convicted.
      - Arrested for possession of paraphernalia (misdemeanor) - dismissed.

    2007 - Arrested for possession of controlled substance paraphernalia (misdemeanor) - dismissed due to delay.

2010 - Arrested for being under the influence of a controlled substance (misdemeanor) - dismissed.

2012 - Arrested for possession of controlled substance paraphernalia (misdemeanor) - disposition unknown.

5-31-2013 - Arrested for possession of unlawful paraphernalia (misdemeanor) - dismissed.

8-07-2013 - Arrested for possession of unlawful paraphernalia (misdemeanor) - disposition unknown.

6-23-2014 - Arrested for possession with intent to distribute marijuana (felony) and possession of a controlled substance (felony) - convicted of possession of a controlled substance for resale (felony).

12-01-2014 - Arrested for possession with intent to distribute a controlled substance (felony) - disposition unknown.

2016 - Arrested for possession with intent to distribute a controlled substance (felony) - disposition unknown.

2017 - Arrested for possession with intent to distribute a controlled substance (felony) - convicted of possession with intent to distribute marijuana.

2020 - Arrested for possession of unlawful paraphernalia (misdemeanor) - convicted.

15. Sally Carr's criminal history includes the following (not all inclusive):

2004 - arrested for use/under influence of a controlled substance (misdemeanor) - convicted.

2005 - arrested for use/under influence of a controlled substance (misdemeanor) - disposition unknown.

2006 - arrested for use/under influence of a controlled substance (misdemeanor) - disposition unknown.

2016 - arrested for bringing a controlled substance into prison/etc (felony) - disposition unknown
- arrested for possession of unlawful paraphernalia (misdemeanor) - disposition unknown.
- arrested for possession of controlled substance (misdemeanor) - disposition unknown.

16. This affiant is aware based on his training, experience, and conversations with other

law enforcement officers that individuals who distribute and/or conspire to distribute methamphetamine typically maintain methamphetamine, methamphetamine distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to methamphetamine trafficking related contacts/co-conspirators/customers), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) at their residences (to include the residence/home itself as well as related garages, outbuildings, campers, and curtilage), on their persons, and inside of their vehicles and/or vehicles they operate and/or vehicles over which they have control when those vehicles are parked at the trafficker's/conspirator's residence. As to distribution paraphernalia, notes, records, and the like, this affiant is aware based upon his training and experience and conversations with other law enforcement officers, that that methamphetamine traffickers/co-conspirators often maintain such materials at the aforementioned locations for extended periods of time (days, weeks, and months).

17. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that persons who distribute and/or conspire to distribute methamphetamine routinely have individuals who are customers and/or co-conspirators present at their residences and related, garages, outbuildings/barns, and campers. These customers/co-conspirators are typically drug users and drug traffickers themselves as they generally sell some (if not all) of the methamphetamine they purchase in order to make a profit, pay for their own drug habits, or both. These customers/co-conspirators often illegally possess methamphetamine as well as drug use and distribution paraphernalia along with notes, records, messages, and telephone numbers (pertaining to the acquisition/distribution of methamphetamine), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons and in their vehicles (or the vehicles they operate) which are oftentimes parked at the methamphetamine source's/co-conspirator's residence.

18. An additional federal search warrant specifically for Guy BOWMAN's person is also being sought. It is the intention of law enforcement [for reasons of officer safety (see the last bullet of ¶12 above) and preservation of evidence] to execute the search warrant upon Guy BOWMAN's person away from his residence immediately prior to executing the search warrant upon the residence itself. As there is no known and predictable travel pattern for Guy BOWMAN, it is unknown as to what hour of the day or night law enforcement will encounter Guy BOWMAN within the Western District of Virginia for the purpose of executing the federal search warrant upon his person.

19. Guy BOWMAN's and Sally Carr's known residence is 9381 Partridge Drive, Meadowview, Virginia.

20. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as 9381 Partridge Drive, Meadowview, Virginia (located within the Western District of Virginia) as there is probable cause to believe that there is evidence of a violation of 21 U.S.C. §

841(a)(1) and § 846/841(a)(1) at said premises. Furthermore, I submit that Paragraph 18 above presents good/reasonable cause as to why the requested search warrant should be authorized for execution during any time of day or night.

_____      3-8-2022
Brian Snedeker, Special Agent (DEA)     Date

Subscribed and sworn to before me, this the _____ day of March, 2022, in Abingdon, Virginia.

_____
Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia

Reviewed by:

s/Suzanne Kerney-Quillen     03-07-2022
Special Assistant United States Attorney     Date